*J. W. Hogs, S. H. Bush, for appellees.*

---

THOMAS J. NOLAND *v.* ROBERT A. CROW'S ADM'R.

**Decedent's Estates—Claim.**

> Where an administrator has accounted to the estate for a claim owing to it and paid the money, when said claim is afterwards paid, the money belongs to the administrator personally.

APPEAL FROM ESTILL CIRCUIT COURT.

December 11, 1877.

OPINION BY JUDGE COFER:

The heirs of R. A. Crow were necessary parties, and should have been made parties to the action, and if these defendants are his heirs, that fact should have been alleged. The note for $30 filed with the petition and copied into the record seems to have been executed by R. A. Crow, to the appellee as administrator of

Robert Crow, and if the appellee has accounted for it to the estate of Robert Crow, it is due to him (appellee) as an individual. The judgments in the Estill Quarterly Court, one for $27.20 and the other for $42.50, are not against Robert A. Crow, and we do not understand in what way either became a debt against his estate. The balance claimed to be due on final settlement of the appellee's accounts as administrator of R. A. Crow seems to be correct; at any rate it is not sufficiently controverted by any pleading in the cause.

It does not appear by what right the appellant is in possession of the land sought to be sold. If he is a purchaser from Robert A. Crow, or from his heirs, the appellee has no right to subject it to the payment of his debts against said Crow or against his estate. If the appellant purchased from Robert A. Crow's heirs, they will be liable to the appellee for the value of the land so sold, or so much thereof as will pay the debts due to him; but if Noland has purchased the land it cannot be subjected to sale in this action, but he should set up the fact that he is a purchaser.

As Noland is the only appellant, we cannot inquire whether the judgment is or not correct as to the other defendants.

Judgment so far as it affects Noland is *reversed* and the cause is remanded for further proper proceedings.

*J. B. White, for appellant.     H. C. Lilly, for appellee.*